
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TATIANA MIAGKIKH,

                              Petitioner,

v.

WARDEN OF OTAY MESA
DETENTION CENTER,

                              Respondent.

Case No.:  3:26-cv-00806-CAB-BLM

**ORDER DISMISSING PETITION
FOR A WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE AND
CLOSING CASE**

Pending before the Court is Petitioner Tatiana Miagkikh's second petition for a writ of habeas corpus under 28 U.S.C. § 2241.  [Doc. No. 1.]  The Court previously denied her first petition on January 29, 2026.  [*See* Case No. 3:25-cv-03755-CAB-BJW, Doc. No. 6.] Analyzing the *Banda* factors, the Court found that Petitioner's mandatory detention under 8 U.S.C. § 1225(b) since April 21, 2025 did not violate due process.  [*Id.* at 4–5.]

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss

successive Section 2241 petition).  The second petition presents no materially different legal claims or facts that alter the Court's previous decision on the first petition.[1]  The Court therefore **DISMISSES** this second petition.  <u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED.**

Dated:  February 12, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court acknowledges the second petition's emphasis on Petitioner's health concerns and reiterates that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action" rather than a habeas petition which is meant for "[c]hallenges to the validity of any confinement or to particulars affecting its duration[.]"  *Muhammad v. Close*, 540 U.S. 749, 750 (2004)